UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | CR424-102 |
| ) | |
| JASON JOHNNY WILSON, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Defendant Jason Johnny Wilson is charged with one count of possession of a stolen mail key, in violation of 18 U.S.C. § 1704, and one count of possession of stolen mail matter, in violation of 18 U.S.C. § 1708. Doc. 3 (Indictment). Wilson was arrested in South Carolina and the United States District Court for the District of South Carolina held a detention hearing. *See, e.g.,* doc. 11 at 8. A United States Magistrate Judge authorized his release, subject to conditions. *See id.* at 9. Because he could not satisfy the conditions of release, he remained in custody and was transported to this District. He moved to clarify the conditions imposed in the District of South Carolina. *See* doc. 23. That Motion is currently before the Court.

Before reaching the merits of Defendant's Motion, the Court must address a procedural ambiguity. The Motion noted that the Order from the District of South Carolina was unclear as to "how the bond was to be secured, either fully in cash or with a percentage with a bonding company, and it was not clear how the conditions of bond were to be met by the Defendant, which included GPS tracking." Doc. 23 at 2. The Motion does not cite to any legal authority. At a status conference held on February 5, 2025, the Court informed the parties that it would construe the Motion as a request for review of the District of South Carolina Order, pursuant to 18 U.S.C. § 3145(a)(2).

"Although the statute is not explicit, and there is surprisingly little case law on this subject (in light of the number of detention hearings held nationwide every year), it is generally assumed that the review under § 3145(a)(1) will be conducted by a district judge." *United States v. Ross*, 2007 WL 1295995, at *1 (W.D. Mich. Apr. 6, 2007). *Ross* further noted that "there appears to be absolutely no reason why the district judge . . . cannot initially refer the review to a magistrate judge . . . on a report and recommendation basis. The statute does not prohibit it, and addressing

2

the issue of detention is hardly foreign territory to a magistrate judge since it is one of a magistrate judge's core responsibilities. Moreover, a report and recommendation provides the district judge with the same opportunity to conduct a *de novo* review that would occur if the district judge handled the review personally in the first instance." *Id.* at *2. Thus, as in *Ross*, the Court concludes that, in this case, "the appropriate way to proceed [is] to render a report and recommendation to the district judge, which will allow a *de novo* review of the detention issue . . . ." *Id.*

Accordingly, pursuant to § 3145(a)(1), based on the parties' presentations at the February 13, 2025 hearing, the undersigned **RECOMMENDS** that the District Judge adopt the conditions in the proposed Order Setting Conditions of Release attached to this Report and Recommendation as Exhibit A, subject to a subsequent determination that Ms. Harris is a suitable custodian.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to the R&R with the Court and serve a copy

on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED** this 13th day of February 2025.

_____
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**

# Exhibit A

# UNITED STATES DISTRICT COURT
for the
__Southern__ District of __Georgia__

United States of America )
v. )
Jason Johnny Wilson ) Case No. 4:24cr102
)
*Defendant* )

**ORDER SETTING CONDITIONS OF RELEASE**

IT IS ORDERED that the defendant's release is subject to these conditions:

(1) The defendant must not violate federal, state, or local law while on release.

(2) The defendant must cooperate in the collection of a DNA sample if it is authorized by 34 U.S.C. § 40702.

(3) The defendant must advise the court or the pretrial services office or supervising officer in writing before making any change of residence or telephone number.

(4) The defendant must appear in court as required and, if convicted, must surrender as directed to serve a sentence that the court may impose.

   The defendant must appear at: _____
   *Place*

   on _____
   *Date and Time*

If blank, defendant will be notified of next appearance.

(5) The defendant must sign:

   _____ An Appearance Bond.

   ✓ An Unsecured Appearance Bond in the amount of $ 50,000.00 .

   _____ An Unsecured Appearance Bond in the amount of $_____, without pretrial supervision.

   _____ An Appearance Bond in the amount of $_____, which must be secured by a third party signature.

   _____ An Appearance Bond in the amount of $_____ secured by $_____, in cash deposited with the Court

AO 199B (Rev. 09/24) Additional Conditions of Release                                                                                      Page 2 of 4 Pages

# ADDITIONAL CONDITIONS OF RELEASE

Pursuant to 18 U.S.C. § 3142(c)(1)(B), the court may impose the following least restrictive condition(s) only as necessary to reasonably assure the appearance of the person as required and the safety of any other person and the community.

  IT IS FURTHER ORDERED that the defendant's release is subject to the conditions marked below:

(☑) (6) The defendant is placed in the custody of:
      Person or organization: Shanika Harris (Mother)
      Address (only if above is an organization): 919 Googe Street
      City and state: Savannah, GA                                                Tel. No. 912-774-9111

who agrees to (a) supervise the defendant, (b) use every effort to assure the defendant's appearance at all court proceedings, and (c) notify the court immediately if the defendant violates a condition of release or is no longer in the custodian's custody.

                                                 Signed: _____    _____
                                                                  Custodian                         Date

(☑) (7) The defendant must:
   (☐) (a) submit to supervision by and report for supervision to the SUPERVISING OFFICER _____,
           telephone number _____, no later than _____.
   (☐) (b) continue or actively seek employment.
   (☐) (c) continue or start an education program.
   (☐) (d) surrender any passport to: SUPERVISING OFFICER
   (☑) (e) not obtain a passport or other international travel document.
   (☑) (f) abide by the following restrictions on personal association, residence, or travel: Defendant must reside in Southern District of Georgia

   (☑) (g) avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution,
           including: any potential co-defendants.

   (☐) (h) get medical or psychiatric treatment: _____

   (☐) (i) return to custody each _____ at _____ o'clock after being released at _____ o'clock for employment, schooling,
           or the following purposes: _____

   (☐) (j) maintain residence at a halfway house or community corrections center, as the pretrial services office or supervising officer considers
           necessary.
   (☑) (k) not possess a firearm, destructive device, or other weapon.
   (☑) (l) not use alcohol (☐) at all (☑) excessively.
   (☑) (m) not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed
           medical practitioner.
   (☑) (n) submit to testing for a prohibited substance, if required by the pretrial services office or supervising officer. Testing may be used with
           random frequency and may include urine testing, wearing a sweat patch, submitting to a breathalyzer, and/or any other form of
           prohibited substance screening or testing. The defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and
           accuracy of substance screening or testing of prohibited substances.
   (☑) (o) participate in a program of inpatient or outpatient substance use treatment, if directed by the pretrial services office or supervising
           officer.
   (☐) (p) participate in the remote alcohol testing program using continuous electronic alcohol testing and comply with its requirements as
           directed, including not consuming alcohol.
       (☐) pay all or part of the cost of remote alcohol testing, including equipment loss or damage, based upon your ability to pay, as
           determined by the pretrial services or supervising officer.
   (☑) (q) participate in the location monitoring program and comply with the requirements, as directed in subsections i, ii, and iii.

      i. Following the location restriction component (check one):

         (☑) (1) **Curfew.** You are restricted to your residence every day (☐) from _____ to _____, or (☑) as
                 directed by the pretrial services office or supervising officer; or
         (☐) (2) **Home Detention.** You are restricted to your residence at all times except for employment; education; religious services;
                 medical, substance use, or mental health treatment; attorney visits; court appearances; court-ordered obligations; activities
                 approved by the court; or essential activities approved in advance by the pretrial services office or supervising officer; or
         (☐) (3) **Home Incarceration.** You are restricted to 24-hour-a-day lockdown at your residence except for medical necessities and
                 court appearances or activities specifically approved by the court; or
         (☐) (4) **Stand-Alone Monitoring.** You have no residential component (curfew, home detention, or home incarceration) restrictions.
                 However, you must comply with the location or travel restrictions as imposed by the court. **Note:** Stand-alone monitoring
                 should be used in conjunction with global positioning system (GPS) or virtual mobile application technology.

## ADDITIONAL CONDITIONS OF RELEASE

- (ii) submit to the following location monitoring technology **(check one)**:
    - ( ☐ ) (1) Location monitoring technology as directed by the pretrial services or supervising officer; or
    - ( ☑ ) (2) GPS; or
    - ( ☐ ) (3) Radio Frequency; or
    - ( ☐ ) (4) Voice Recognition; or
    - ( ☐ ) (5) Virtual Mobile Application. You must allow the pretrial services or supervising officer to conduct initial and periodic inspections of the mobile device and mobile application to verify that 1) the monitoring software is functional, 2) the required configurations (e.g., locational services) are unaltered, and 3) no efforts have been made to alter the mobile application.
- (iii) ( ☑ ) pay all or part of the cost of location monitoring, including equipment loss or damage, based upon your ability to pay, as determined by the pretrial services or supervising officer

( ☑ ) (r) report as soon as possible, to the pretrial services or supervising officer, every contact with law enforcement personnel, including arrests, questioning, or traffic stops.

( ☑ ) (s) not use or have access to any electronic device capable of accessing the internet to include computers, smart phones, smart TVs and tablets. This prohibition would not preclude a family member from making an online job application on defendant's behalf.

## ADVICE OF PENALTIES AND SANCTIONS

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

    Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.

    While on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year.  This sentence will be consecutive (*i.e.*, in addition to) to any other sentence you receive.

    It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court.  The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

    If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed.  If you are convicted of:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;
(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – you will be fined not more than $250,000 or imprisoned for not more than five years, or both;
(3) any other felony – you will be fined not more than $250,000 or imprisoned not more than two years, or both;
(4) a misdemeanor – you will be fined not more than $100,000 or imprisoned not more than one year, or both.

    A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive.  In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

### Acknowledgment of the Defendant

    I acknowledge that I am the defendant in this case and that I am aware of the conditions of release.  I promise to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed.  I am aware of the penalties and sanctions set forth above.

_____
*Defendant's Signature*

_____
*City and State*

### Directions to the United States Marshal

( **X** ) The defendant is ORDERED released after processing.
( ☐ ) The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judge that the defendant has posted bond and/or complied with all other conditions for release.  If still in custody, the defendant must be produced before the appropriate judge at the time and place specified.

Date: _____     _____
*Judicial Officer's Signature*

U.S. MAGISTRATE JUDGE CHRISTOPHER L. RAY
*Printed name and title*

DISTRIBUTION:    COURT    DEFENDANT    PRETRIAL SERVICE    U.S. ATTORNEY    U.S. MARSHAL

AO 98 (Rev. 12/11) Appearance Bond

# UNITED STATES DISTRICT COURT
for the
Southern District of Georgia

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No. 4:24cr102 |
| Jason Johnny Wilson | ) | |
| *Defendant* | ) | |

## APPEARANCE BOND

### Defendant's Agreement

I, _____Jason Wilson_____ *(defendant)*, agree to follow every order of this court, or any court that considers this case, and I further agree that this bond may be forfeited if I fail:

( ✗ )   to appear for court proceedings;
( ✗ )   if convicted, to surrender to serve a sentence that the court may impose; or
( ✗ )   to comply with all conditions set forth in the Order Setting Conditions of Release.

### Type of Bond

(    ) (1)   This is a personal recognizance bond.

( ✗ ) (2)   This is an unsecured bond of $ __50,000.00__ .

(    ) (3)   This is a secured bond of $ _____ , secured by:

    (    ) (a) $ _____ , in cash deposited with the court.

    (    ) (b) the agreement of the defendant and each surety to forfeit the following cash or other property *(describe the cash or other property, including claims on it — such as a lien, mortgage, or loan — and attach proof of ownership and value)*:

    If this bond is secured by real property, documents to protect the secured interest may be filed of record.

    (    ) (c) a bail bond with a solvent surety *(attach a copy of the bail bond, or describe it and identify the surety)*:

### Forfeiture or Release of the Bond

*Forfeiture of the Bond.* This appearance bond may be forfeited if the defendant does not comply with the above agreement. The court may immediately order the amount of the bond surrendered to the United States, including the security for the bond, if the defendant does not comply with the agreement. At the request of the United States, the court may order a judgment of forfeiture against the defendant and each surety for the entire amount of the bond, including interest and costs.

AO 98 (Rev. 12/11) Appearance Bond

*Release of the Bond.*  The court may order this appearance bond ended at any time.  This bond will be satisfied and the security will be released when either: (1) the defendant is found not guilty on all charges, or (2) the defendant reports to serve a sentence.

## Declarations

*Ownership of the Property.*  I, the defendant – and each surety – declare under penalty of perjury that:

    (1)    all owners of the property securing this appearance bond are included on the bond;
    (2)    the property is not subject to claims, except as described above; and
    (3)    I will not sell the property, allow further claims to be made against it, or do anything to reduce its value while this appearance bond is in effect.

*Acceptance.*  I, the defendant – and each surety – have read this appearance bond and have either read all the conditions of release set by the court or had them explained to me.  I agree to this Appearance Bond.

I, the defendant – and each surety – declare under penalty of perjury that this information is true.  (See 28 U.S.C. § 1746.)

Date: _____                              _____
                                                                    *Defendant's signature*

_____               _____
        *Defendant's address*                                *Defendant's telephone number*

_____               _____
 *Surety/property owner – printed name*        *Surety/property owner – signature and date*

_____               _____
    *Surety/property owner – address*           *Surety/property owner – telephone number*

*CLERK OF COURT*

Date: _____                              _____
                                                                *Signature of Clerk or Deputy Clerk*

Approved.

Date: _____                              _____
                                                                        *Judge's signature*